UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARDSON, Donn,<br>CDCR #AC-9306,<br>        Plaintiff,<br>vs.<br><br>W.L. MONTGOMERY; M. POLLARD;<br>L. HATFIELD; E. NUNEZ; A.<br>BARRIOS; D. POLLARD; P.<br>SAUCEDO; D. WHITE; J. SPAICH;<br>H. LIU,<br>        Defendants. | Case No.: 3:20-cv-0356-WQH-RBM<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**AND**<br><br>**2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) & 28 U.S.C. § 1915A(b)** |

Donn Richardson ("Plaintiff"), currently incarcerated at Pelican Bay State Prison ("PBSP") located in Crescent City, California and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (*See* Compl., ECF No. 1). Plaintiff claims prison officials at Calipatria State Prison ("CAL"), along with California Department of Corrections and Rehabilitation ("CDCR") officials in Sacramento violated his right to due process when they refused to consider him for early parole consideration. (*Id.* at 10-18.)

Plaintiff initially filed this action in the Eastern District of California. However, Untied States Magistrate Judge Barbara McAuliffe determined that venue was proper in the Southern District of California and transferred the matter on February 26, 2020. (*See* ECF No. 3.)

Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead, he filed a certified copy of his inmate trust account statement and prison certificate which the Court liberally construes as a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). However, prisoners who are granted leave to proceed IFP remain obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) also requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a copy of his CDCR Inmate Statement Report as well as a Prison Certificate completed by a CDCR accounting officer. *See* ECF No. 2 at 1-3; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These statements show that Plaintiff has carried an average monthly balance of $351.03, and had $186.34 in average monthly deposits to his account over the 6-month period immediately preceding the filing of his Complaint, and $428.26 available balance on the books at the time of filing. (*See* ECF No. 2.) Based on this accounting, the Court GRANTS Plaintiff's Motion to Proceed IFP (ECF No. 2) and assesses his initial partial filing fee to be $70.21 pursuant to 28 U.S.C. § 1915(b)(1).

The Court will direct the Secretary of the CDCR, or his designee, to collect the initial $70.21 fee assessed only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total fee owed in this case must be collected by the agency having custody of the prisoner and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(2).

## II. Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint also requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B.    Plaintiff's Factual Allegations

On January 6, 2019, Plaintiff claims he became "fully aware" of his eligibility for early parole consideration pursuant to Proposition 57. (Compl. at 10.)  Plaintiff filed a request to review his records at Calipatria State Prison ("CAL"). (*Id.*)  Three days later, Defendant Hatfield "responded to [his] CDCR 22 form in part stating [Plaintiff] was a violent 2 striker" which Plaintiff claims is "incorrect." (*Id.*)  On January 25, 2019, the "Court corrected [Plaintiff's] record and/or made corrections on [his] minute order." (*Id.*)

Plaintiff claims that on March 22, 2018, Defendants Munez and Barrios conducted Plaintiff's "1 year review" and they had the opportunity at that time to "correct [Plaintiff's] CDCR documents." (*Id.*)  Plaintiff further claims that his "classification committee chrono" states that he is a "non-violent offender" but this chrono is "not being honored to implement [his] prop 57 eligibility." (*Id.*)

On March 13, 2019, Plaintiff alleges he "finally took the initiative to file [his] 602 appeal grievance against [CAL]." (*Id.*)  However, he claims neither Hatfield nor Munez would correct his "c-file" to reflect his non-violent offender status. (*Id.*)  On June 11, 2019, Plaintiff alleges Defendant White denied his grievance at the next level of review. (*See id.* at 13.)  Plaintiff claims White determined that while Plaintiff's primary offense was non-violent, his "enhancement of PC 12022.5(a) makes [his] entire case violent." (*Id.* at 13.)  Plaintiff alleges that this information was incorrect. (*See id.*)

On May 20, 2019 Defendant Pollard interviewed Plaintiff in relation to his grievance in the "ASU." (*Id.*)  Plaintiff alleges Pollard told him that he would "be screened for Prop 57 eligibility if [Plaintiff] dropped current appeal." (*Id.*)

On July 8, 2019, Plaintiff was also interviewed by Defendant Saucedo regarding his grievance and Plaintiff "explained to him in detail what made [him] eligible for Prop 57." (*Id.* at 15.)  However, despite providing "valid proof" of Plaintiff's "eligibility for Prop 57" he was denied at the second level of review by Defendant Pollard. (*Id.*)

Plaintiff appealed this decision to the Third Level of review in Sacramento on August 5, 2019. (*See id.* at 18.)  On November 6, 2019, Plaintiff "wrote to third level

explaining as thoroughly as possible [his] issue with them not following their own rule [and] regulations. (*Id.*) Defendant Spaich sent Plaintiff a letter, along with an "appeal activity sheet." (*Id.*) On December 2, 2019, Plaintiff received a letter from Defendant Liu "stating they were processing [Plaintiff's] appeal." However, to date, Plaintiff has "still not heard from the Third Level review to [his] 602 appeal outcome." (*Id.*)

Plaintiff seeks $10,000,000 in compensatory damages, along with injunctive and declaratory relief. (*See id.* at 21.)

C.  42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

D.  Grievance Processing claim

Here, Plaintiff seeks money damages from Defendants whom he claims denied him due process based on their responses to his administrative grievances. However, the Court finds Plaintiff's Complaint fails to state a claim as to any of the named Defendants because an official's allegedly improper processing of a prisoner's grievances or appeals, without more, does not serve as a sufficient basis for section 1983 liability. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure.") (citation omitted); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (due process not violated simply because defendant fails properly to process grievances submitted for consideration); *see also Todd v. California Department of Corrections and Rehabilitation*, 615 Fed. Appx.

415, 415 (9th Cir. 2015) (district court properly dismissed claim based on improper "processing and handling of […] prison grievances," since prisoners have no "constitutional entitlement to a specific prison grievance procedure") (citing *Ramirez*, 334 F.3d at 860) (quotation marks omitted); *Shallowhorn v. Molina*, 572 Fed. Appx. 545, 547 (9th Cir. 2014) (district court properly dismissed § 1983 claims against defendants who "were only involved in the appeals process") (citing *Ramirez*, 334 F.3d at 860); *Daniels v. Aguilera*, No. 2:16-CV-00996-JAM-CKD P, 2018 WL 558658, at *1 (E.D. Cal. Jan. 24, 2018), *report and recommendation adopted sub nom. Daniels v. Aguillera*, No. 2:16-CV-00996-JAM-CKD P, 2018 WL 1763311 (E.D. Cal. Apr. 12, 2018) ("Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process prison grievances."). Simply "'[r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation.'" *Ellington v. Clark*, 2010 WL 3001427, at *2 (E.D. Cal. Jul. 29, 2010) (quoting *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007)).

For these reasons, the Court finds Plaintiff's claims that he was "completely dissatisfied" with Defendants' responses to his grievances," *see* Compl., ECF No. 1 at 18, are insufficient to state any plausible due process claim upon which § 1983 relief may be granted. *See Iqbal*, 556 U.S. at 678-79 (citations omitted); *Valdivia v. Tampkins*, No. EDCV 16-1975 JFW (JC), 2016 WL 7378887, at *6 (C.D. Cal. Dec. 19, 2016) (sua sponte dismissing claims predicated upon the alleged improper processing of inmate grievances); *Rodriguez v. Anderson*, No. EDCV 18-1181 AG (AGR), 2019 WL 6194993, *6 (C.D. Cal. Aug. 5, 2019) (dismissing allegations that inmate appeals officials were "directly responsible" for denying his administrative grievances regarding his requests for a parole hearing under Proposition 57 as insufficient to state a viable § 1983 claim); 28 U.S.C. §§ 1915(e)(2)(b)(ii), 1915A(b)(1); *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

Because he is proceeding pro se, however, the Court having now provided him with "notice of the deficiencies in his complaint," will also grant Plaintiff an opportunity

to amend. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)). [2]

### III.   Conclusion and Order

For the reasons explained, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the $70.21 initial filing fee assessed, *if those funds are available at the time this Order is executed*, and to forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), and **GRANTS** him forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original

---

[2] Plaintiff is cautioned that the Court finds it is not "clear from the face of the complaint," whether Plaintiff has exhausted all "available" administrative remedies pursuant to 42 U.S.C. § 1997e(a). *See Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc); *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015). While he claims to have filed a CDCR 602 inmate appeal, Plaintiff also states that "as of today I have still not heard from the Third Level review." (Compl. at 20.) "[A]n inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'" *Ross v. Blake*, __U.S. __, 136 S. Ct. 1850, 1859 (2016) (quoting *Booth v. Churner*, 532 U.S. 731, 738, (2001)).

pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: April 27, 2020

Hon. William Q. Hayes
United States District Court