UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARDSON, Donn,<br>CDCR #AC-9306,<br><br>        Plaintiff,<br><br>vs.<br><br>W.L. MONTGOMERY; M. POLLARD;<br>L. HATFIELD; E. NUNEZ; A.<br>BARRIOS; D. POLLARD; P.<br>SAUCEDO; D. WHITE; J. SPAICH;<br>H. LIU,<br><br>        Defendants. | Case No.: 3:20-cv-0356-WQH-RBM<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT OR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) & 28 U.S.C. § 1915A(b)** |

## I. Procedural History

On February 24, 2020, Donn Richardson ("Plaintiff"), currently incarcerated at Pelican Bay State Prison ("PBSP") located in Crescent City, California and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (*See* Compl., ECF No. 1). In his original Complaint, Plaintiff claimed prison officials at Calipatria State Prison ("CAL"), along with California Department of Corrections and Rehabilitation ("CDCR")

officials in Sacramento violated his right to due process when they refused to consider him for early parole consideration. (*Id.* at 10-18.)

Plaintiff initially filed this action in the Eastern District of California. However, Untied States Magistrate Judge Barbara McAuliffe determined that venue was proper in the Southern District of California and transferred the matter on February 26, 2020. (*See* ECF No. 3.)

Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead, he filed a certified copy of his inmate trust account statement and prison certificate which the Court liberally construed as a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

On April 27, 2020, the Court GRANTED Plaintiff's Motion to Proceed IFP ad DISMISSED his Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e) and § 1915A.  (ECF No. 6.)  Plaintiff was granted leave to file an amended complaint and after receiving extensions of time, Plaintiff filed his First Amended Complaint ("FAC") on November 4, 2020.  (ECF No. 12.)  On November 23, 2020, the Court, once again, found Plaintiff failed to state a claim pursuant to 28 U.S.C. § 1915(e) and § 1915A and DISMISSED his FAC.  (ECF No. 13.)  On January 5, 2021, Plaintiff filed his Second Amended Complaint ("SAC").  (ECF No. 14.)

## II.     Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A.     Standard of Review

As the Court previously informed Plaintiff, because he is a prisoner and is proceeding IFP, his SAC also requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or

malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B.  Plaintiff's Factual Allegations

Plaintiff alleges that prison officials at Calipatria State Prison ("CAL") improperly categorized his criminal convictions as "violent." SAC at 2. Plaintiff alleges he was convicted of [California Penal Code] 246, 245(a), 667(a), [and] 12022.5 for a total of 22 years [and] 4 months as a non-violent (2) striker." *Id.* Because of this alleged misclassification, Plaintiff alleges he was prevented from being "included/allowed to take

part in [Proposition] 57[1]" which would have "allowed [Plaintiff] to go in front of a Prop 57 Board which would have decided Plaintiff's release from prison." *Id.* at 4-5.

Plaintiff seeks declaratory relief, along with compensatory and punitive damages. *Id.* at 8.

### C. 42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### D. Violent Felonies

As an initial matter Plaintiff claims he was convicted of non-violent felonies and thus, should have been given early parole consideration under Proposition 57. However,

---

[1] On November 8, 2016, the California voters approved The Public Safety and Rehabilitation Act of 2016—Proposition ("Prop") 57—and it took effect the next day. *People v. Marquez*, 11 Cal. App. 5th 816, 821, 217 Cal.Rptr.3d 814 (Cal. App. 2017); Cal. Const., Art. II, § 10(a). Proposition 57 added Article 1, section 32 to the California Constitution. That section provides, in relevant part, "Parole consideration: Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term of his or her primary offense," defined for these purposes as "the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence." (Cal. Const., art. I, § 32, subds. (a)(1), (a)(1)(A).). Proposition 57 provides an inmate who has completed his base term with a hearing before the Board of Parole Hearings (Cal. Const. Art. I, Sec. 32(a)).

Plaintiff's own allegations appear to indicate that he was, in fact, convicted of a violent felony. Specially, Plaintiff claims he was convicted under California Penal Code Sections, 246, 245(a), 667(a), and 12022.5. *See* SAC at 2. Under Proposition 57, violent felonies are defined in California Penal Code Section 667.5(c). *See* Cal. Code Regs. tit. 15, § 3490. Pursuant to § 667.5(c)(8) of the penal code, a violent felony is classified as "any felony in which the defendant uses a firearm which use has been charged or proved in … Section 12022.5." Cal. Penal Code § 667.5(c)(8). As Plaintiff admits, he was convicted under California Penal Code Section 12022.5 *See* SAC at 2. Thus, Plaintiff's own factual allegations show that he is not eligible for early parole consideration under Proposition 57.

E. <u>Early release</u>

To the extent that Plaintiff is seeking early release, he cannot bring this claim pursuant to § 1983. Such a claim would challenge "the validity of [his] continued incarceration [and therefore] lie within 'the heart of habeas corpus.'" *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003)(quoting *Preiser v. Rodriguez*, 411 U.S. 475, 98-99 (1973) (holding that a writ of habeas corpus is "explicitly and historically designed" to provide a state prisoner with the "exclusive" means to "attack the validity of his confinement" in federal court)).

F. <u>Due Process</u>

Plaintiff also claims that Defendants have failed to correctly classify his case factors in violation of regulations promulgated by Proposition 57 which has resulted in the denial of his due process rights. *See* SAC at 3.

The Fourteenth Amendment prohibits the deprivation of life, liberty or property without due process of law. U.S. Const., amend. XIV. "Application of this prohibition requires the familiar two-stage analysis: We must first ask whether the asserted individual interests are encompassed within the Fourteenth Amendment's protection of 'life, liberty or property'; if protected interests are implicated, we then must decide what procedures constitute 'due process of law.'" *Ingraham v. Wright*, 430 U.S. 651, 672 (1977). A liberty

interest may be created by the Constitution or by state law. *Meachum v. Fano*, 427 U.S. 215, 226 (1976).

Prisoners do not have a federal Constitutional right to be conditionally released before the expiration of a valid sentence. *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011); *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). California, however, has statutorily created a liberty interest in parole. *See Swarthout*, 562 U.S. at 220; *McQuillion v. Duncan*, 306 F.3d 895, 902 (9th Cir. 2002) ("California's parole scheme gives rise to a cognizable liberty interest in release on parole."). Accordingly, California authorities must provide some procedural protections when determining parole eligibility. *Swarthout*, 562 U.S. at 219. The procedures required however, are minimal—prisoners must be provided only an opportunity to be heard and a statement of reasons why parole was denied. *Id.* at 220. "'[M]ere error of state law' is not a denial of due process." *Swarthout*, 562 U.S. at 222 (quoting *Engle v. Isaac*, 456 U.S. 107, 121, n.21 (1982)). "[T]he responsibility for ensuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the [federal court's] business." *Id.*

Plaintiff cannot "transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996). Section 1983 provides a remedy only for Constitutional violations and violations of the laws or treaties of the United States. *Swarthout*, 562 U.S. at 222. Accordingly, Plaintiff's Fourteenth Amendment procedural due process claim regarding Proposition 57 is dismissed for failing to state a claim upon which relief may be granted.

G.  Leave to Amend

Because Plaintiff has already been provided a short and plain statement of his pleading deficiencies, as well as an opportunity to amend those claims to no avail, the Court finds granting further leave to amend would be futile. *See Gonzalez v. Planned Parenthood*, 759 F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of ... leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845

(9th Cir. 1995)); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad." (internal quotation marks omitted) (second alteration in original)).

### III. Conclusion and Order

For the reasons discussed, the Court:

1) **DISMISSES** this civil action without further leave to amend for failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1);

2) **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and

3) **DIRECTS** the Clerk of Court to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

Dated: February 16, 2021

*[signature]*
Hon. William Q. Hayes
United States District Court